**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. BERNARD BROWN, *Defendant*. | Crim. No. 20-487 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Defendant Bernard Brown's motion to modify his sentence and for immediate compassionate release. D.E. 325. The Government filed opposition. D.E. 327. The Court reviewed the parties' submissions[1] and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). Defendant seeks immediate release due to the ongoing COVID-19 pandemic. For the following reasons, Defendant's motion is denied.

**I.  BACKGROUND**

  **A.  Underlying Criminal Proceedings**

Brown was part of a large-scale Drug Trafficking Organization that operated an open-air narcotics (primarily crack cocaine and heroin) market in Newark, New Jersey for several years. Brown coordinated the distribution of cocaine base from a specific residence. He also continued

---

[1] Defendant's brief in support of his motion is referred to as "Br." (D.E. 212); the Government's opposition brief is referred to as "Opp." (D.E. 216).

to sell drugs for several months while on pretrial release. On June 11, 2020, Brown pled guilty to an Information that charged him with a conspiracy to distribute controlled substances from March 2019 through June 2019 in violation of 21 U.S.C. § 846. D.E. 314, 315. Defendant entered into a plea agreement with the Government in which the parties agreed that a sentence between 60 and 72 months was reasonable. D.E. 318. At sentencing, the Court determined that under the United States Sentencing Guidelines, Brown was facing 84 to 105 months. The Court reached this calculation based on a Guidelines' Offense Level of 23 coupled with a Criminal History Category of V. Nevertheless, the Court granted a variance and sentenced Defendant to a term of 60 months' imprisonment, consistent with the plea agreement. D.E. 322, 324.

Brown is currently housed at FCI Schuylkill[2] in Pennsylvania. He is scheduled to be released on September 14, 2023.

### B. COVID-19 Pandemic

COVID-19 "is caused by the virus severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2), a new virus in humans causing respiratory illness which can be spread from person-to-person." *COVID-19*, "COVID-19 Overview and Infection Prevention and Control Priorities in non-US Healthcare Settings," Centers for Disease Control and Prevention (Feb. 26, 2021), https://www.cdc.gov/coronavirus/2019-ncov/hcp/non-us-settings/overview/index.html#background. "COVID-19 is primarily transmitted from person-to-person through respiratory droplets. These droplets are released when someone with COVID-19 sneezes, coughs, or talks." *Id.* Persons who contract the virus reflect a wide range of symptoms from asymptomatic to mild (including fever, cough, nausea, chest pain, and body pain) to severe to critical (including

---

[2] The Government states that Brown is currently housed at USP Lewisburg in Pennsylvania. But the Bureau of Prisons' inmate locator indicates that he is incarcerated at FCI Schuylkill. *Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 10, 2021).

respiratory failure and death). *Id.* As a result, standard precautions to prevent the spread of the virus include social distancing, proper hygiene, personal protective equipment (including use of face masks), and maintenance of clean surfaces and devices. *Id.*

Numerous factors can increase a person's risk of severe illness if he/she contracts the virus. As a person get older, his/her risk for severe illness from COVID-19 increases. *COVID-19*, "Older Adults," Centers for Disease Control and Prevention (June 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. For example, persons in their sixties and seventies are at a higher risk than people in their fifties. *Id.* Those 85 or older are at greatest risk. *Id.* Adults 65 or older comprise 8 out of 10 COVID-19 deaths in the United States. *Id.* The following medical conditions put a person at increased risk of severe illness from COVID-19: cancer, chronic kidney diseases, chronic lung diseases (including asthma if it is moderate to severe), dementia or other neurological conditions, heart conditions such as coronary artery disease, weakened immune system from organ transplant, obesity, pregnancy, sickle cell disease, smoking, stroke or cerebrovascular disease, and type 2 diabetes mellitus. *COVID-19*, "People with Certain Medical Conditions," Centers for Disease Control and Prevention (May 13, 2021),[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

As of June 10, 2021, the United States has had 33,224,075 COVID-19 cases, resulting in 595,625 deaths. *COVID Data Tracker*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days (last visited June 10, 2021).

---

[3] The CDC previously provided two separate lists, one listing conditions that entailed a greater risk of severe illness and one setting forth conditions that might involve a greater risk.

### C. Federal Bureau of Prisons

The Federal Bureau of Prisons ("BOP") has taken the following steps to combat the virus. On March 13, 2020, the BOP modified its operations in accordance with its "COVID-19 Action Plan." *Federal Bureau of Prisons COVID-19 Action Plan*, Federal Bureau of Prisons (Mar. 13, 2020), https://www.bop.gov/resources/news/20200313_covid-19.jsp. Initially, all social visits, inmate movement, and official staff travel were suspended for thirty days. *Id.* Contractors who enter any BOP facility are screened for the virus and, initially, admission was limited to contractors who performed essential services. *Id.* The BOP also conducts enhanced health screenings for staff in areas of "sustained community transmission." *Id.* The BOP screens all new inmates for virus "exposure risk factors and symptoms." *Id.* Any new inmate who is asymptomatic but has had a risk of exposure is quarantined. *Id.* According to the Government, the quarantine period is for a minimum of 14 days or until cleared by medical staff. Opp. at 4. The Government indicates that new inmates who are symptomatic are placed in isolation until they test negative for the virus or are cleared by medical staff. *Id.* at 5. The Government also states that the BOP has taken the following steps to prevent the spread of the virus: group gatherings are limited to permit social distancing as much as possible, all staff and inmates have been issued face masks, and all staff and inmates are strongly encouraged to wear face masks when social distancing cannot be achieved. *Id.*

The BOP also has a COVID-19 vaccination plan. *COVID-19 Vaccine Guidance*, Federal Bureau of Prisons Clinical Guidance (Mar. 11, 2021), https://www.bop.gov/resources/pdfs/covid19_vaccine_guidance_20210311.pdf. Inmates fall into different priority levels for vaccination: Priority Level 1 (for inmates in certain high priority jobs, including health service unit assignments); Priority Level 2 (inmates who are 65 or older or who

are, according to CDC criteria, at an increased risk for severe illness from the virus); Priority Level 3 (inmates who are aged 50 through 64 or who might be, according to CDC criteria, at an increased risk for severe illness from the virus); and Priority Level 4 (all other inmates). *Id.* As of June 10, 2021, the BOP had administered 190,150 doses of vaccine. *COVID-19*, "Vaccine Implementation," Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited June 10, 2021).

The BOP COVID-19 current statistics are as follows: (1) 89 inmates and 126 staff have confirmed positive tests; (2) 44,992 inmates and 6,850 staff have recovered; and (3) 238 inmates and 4 staff have died. *Id.* As of June 10, 2021, Schuylkill FCI has no positive case while 536 inmates and 73 staff have recovered. *Id.*[4]

### D. The Parties' Positions

Brown's primary argument is that he should be released due to the COVID-19 pandemic. Br. at 1-3. Brown adds that he is 51 years old and diabetic. *Id.* at 2. Brown filed his motion after his sentencing while he was still detained at the Essex County Correctional Facility.

The Government opposes Defendant's motion, asserting that Brown has not exhausted his administrative remedies, that his diabetes is well controlled with medication, and that the 18 U.S.C. § 3553(a) factors countenance against his release. Opp. at 9-12.

### E. LEGAL STANDARD

Following the passage of the First Step Act, Section 3582(c)(1)(A) now reads as follows:

(c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—

    (1) in any case—

---

[4] Lewisburg USP currently has one positive staff case; 238 inmates and 81 staff have recovered. *Id.* Thus, even if Defendant is housed at Lewisburg, it would not change the Court's analysis.

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable*, if it finds that—
>
>> (i) *extraordinary and compelling reasons warrant such a reduction*; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and *a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)*;
>>
>> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphases added).

      The applicable policy statement of the United States Sentencing Commission is found in Section 1B1.13. U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The application notes to the section provide 4 circumstances that can be considered extraordinary and compelling: (1) the medical condition of the defendant, (2) the age of the defendant, (3) family

6

circumstances, and (4) other circumstances constituting an extraordinary or compelling reason, either considered alone or in combination with any of the other three stated reasons. *Id.* cmt. n. 1(A)-(D). Certain courts have determined that the policy statement is not binding on courts in connection with motions like the one at bar but have nevertheless found that the statement provides useful guidance. *United States v. Viteri*, Crim. No. 19-00044, 2020 WL 3396804, at *3 (D.N.J. June 19, 2020).

In the application note, the fourth consideration requires a determination by the Director of the BOP. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). Here, the Government does not contest that the policy statement should also apply when the motion is filed by a defendant, in addition to a motion filed by the BOP Director. The Court agrees. *See, e.g.*, *United States v. Rodriguez*, 451 F. Supp. 3d 392 (E.D. Pa. 2020).

Pursuant to Section 3582(c)(1)(A), the Court must also consider the relevant factors listed in 18 U.S.C. § 3553(a). They include the nature and circumstances of Defendant's offense, the history and characteristics of Defendant, the need for the sentence to provide just punishment, and the need to protect the public from future offenses by Defendant. *Id.*

### F. ANALYSIS

The Court finds that Defendant has not met his burden as to extraordinary and compelling circumstance. First, he has not demonstrated that he exhausted his administrative remedies at either Essex County Correctional Facility or FCI Schuylkill. Second, while Defendant does suffer from diabetes, which puts him at an increased risk for severe illness should he contract COVID-19, his condition is being effectively treated with medication. Third, FCI Schuylkill currently has no COVID-19 infections. Finally, BOP has been making significant strides in its inmate vaccination program.

The Court also agrees with the Government that the Section 3553(a) factors militate against release. His participation in the drug conspiracy was serious. Moreover, his criminal history is significant, as reflected by his Criminal History Category V. In addition, he committed the offense while on pretrial release. Such behavior clearly bespeaks of the need for both general and specific deterrence as well as the need to protect the public from any future offenses by Brown. He also has significant time remaining on his sentence. *See United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (ruling that in deciding a motion for compassionate release, a district court may consider the amount of time remaining on a defendant's sentence).

### G. CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion. An appropriate Order accompanies this Opinion.

Dated: June 10, 2021

                                                    John Michael Vazquez, U.S.D.J.